IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
ANGELO C. BORIA, SR.,                          )
   On His Own Behalf, and as                   ) Civil Action
   Co-Administrator of the Estate of           ) No. 06-cv-4384
   Angelo C. Boria, Jr., Deceased;             )
CARMEN AYALA,                                  )
   On Her Own Behalf, and as                   )
   Co-Administrator of the Estate of           )
   Angelo C. Boria, Jr., Deceased; and         )
EDWARD L. COURTNEY, JR.,                       )
                                               )
             Plaintiffs                        )
                                               )
        vs.                                    )
                                               )
OFFICER ROBERT BOWERS,                         )
   Individually, and in His Official Capacity  )
   as Member of the Reading Police Department; )
OFFICER DAVID D. HOGAN,                        )
   Individually, and in His Official Capacity  )
   as Member of the Reading Police Department; )
CHIEF CHARLES R. BROAD;                        )
MAYOR THOMAS McMAHON;                          )
JOHN DOES I-X,                                 )
   Individually, and in Their Official         )
   Capacity as Members of the Reading Police   )
   Department; and                             )
CITY OF READING,                               )
                                               )
             Defendants                        )
```

O R D E R

        NOW, this 31st day of March, 2009, upon consideration of The Reading Defendants' Motion for Summary Judgment filed July 14, 2008[1]; upon consideration of the Brief in Support of the

---

[1] Defendants Officer Robert Bowers, Officer David D. Hogan, Chief Charles R. Broad, Mayor Thomas McMahon and the City of Reading are collectively the "Reading Defendants".

Reading Defendants' Motion for Summary Judgment[2]; and for the reasons articulated in the accompanying Opinion,

<span style="text-decoration: underline">IT IS ORDERED</span> that The Reading Defendants' Motion for Summary Judgment is granted in part and denied in part.

<span style="text-decoration: underline">IT IS FURTHER ORDERED</span> that The Reading Defendants' Motion for Summary Judgment is granted as to plaintiffs' claims for delaying medical treatment, unlawful seizure and arrest, and plaintiffs' various <span style="text-decoration: underline">Monell</span> claims[3] in Count I.

<span style="text-decoration: underline">IT IS FURTHER ORDERED</span> that plaintiffs' claims for delaying medical treatment, unlawful seizure and arrest, and plaintiffs' various <span style="text-decoration: underline">Monell</span> claims in Count I are dismissed from Count I of plaintiffs' Complaint.

<span style="text-decoration: underline">IT IS FURTHER ORDERED</span> that The Reading Defendants' Motion for Summary Judgment is granted as to Counts II, V, VI, VII and VIII of plaintiffs' Complaint.

<span style="text-decoration: underline">IT IS FURTHER ORDERED</span> that Counts II, V, VI, VII and VIII are dismissed from plaintiffs' Complaint.

<span style="text-decoration: underline">IT IS FURTHER ORDERED</span> that all claims asserted in plaintiffs' Complaint against defendants Chief Charles R. Broad, Mayor Thomas McMahon, and the City of Reading are dismissed.

---

[2]   Plaintiffs did not file a brief or response in opposition to The Reading Defendants' Motion for Summary Judgment.

[3]   <span style="text-decoration: underline">Monell v. Department of Social Services</span>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

IT IS FURTHER ORDERED that defendants Chief Charles R. Broad, Mayor Thomas McMahon, and the City of Reading are dismissed as parties to this action.

IT IS FURTHER ORDERED that all claims asserted in plaintiffs' Complaint against fictitious defendants John Does I-X are dismissed.

IT IS FURTHER ORDERED that fictitious defendants John Does I-X are dismissed as parties to this action.

IT IS FURTHER ORDERED that The Reading Defendants' Motion for Summary Judgment is denied as to plaintiffs' claims for excessive force, unlawful damage to the residence and destruction of property, and conspiracy in Count I and as to Counts III and IV in their entirety.

BY THE COURT:


/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge